ORIGINAL

FILED
NOV - 9 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. GARY NOLAN
2. RICARDO SERRANO
Plaintiffs,
v.
THE UNITED STATES,
Defendant.

CASE NO. ______________

**COMPLAINT**

1. The plaintiffs are employees of the defendant United States Government employed as Physical Security Specialists in the GS-12 series and below by the U.S. Department of Homeland Security. Plaintiffs bring this action on behalf of themselves and other employees similarly situated for a declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Section 1346(a)(2) and 28 U.S.C. Sections 1491, 2201 and 2202 and 5 U.S.C. Section 5596, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

3. Plaintiff Gary Nolan is a resident of El Paso Texas and he is currently employed as a GS-12 Physical Security Specialist by defendant in the Federal

Protective Service, Department of Homeland Security and was so employed at all times material herein. A written consent is appended to this complaint. The written consent form sets forth the plaintiff's name, home address, social security number, employing agency and address.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant employed in technician and related capacities at various locations and they have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. Section 216(b). Such written consents are appended to this complaint. These written consent forms set forth each plaintiff's name, home address, social security number, employing agency and address.

5. Each of the plaintiffs in this action is an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

6. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(x) and Section 203(d). Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

7. Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. Pursuant to this statutory provision, and at all times material herein, the plaintiffs and other

employees similarly situated have been entitled to overtime pay for all hours at which they have been employed in excess of 40 hours per week. In addition, subchapter 551 of Part 5 of the Code of Federal Regulations, provides that federal agency employers such as the Federal Protective Service, Department of Homeland Security, shall compensate their employees at a rate of not less than one and one-half times the employees' regular rate of pay for all hours of work in excess of 8 in a day and/or 40 in a work week, including hours of paid leave. Pursuant to this regulation, and at all times material herein, the plaintiffs and other employees similarly situated have been entitled to FLSA overtime pay for all hours of work in excess of 8 in a day and/or 40 in a work week.

8. At all or some of the times material herein, and since November 8, 2002 as well as before, the plaintiffs have worked at the GS-12 pay grades and below in the Physical Security Specialist and other related occupational series. While working in these positions, the plaintiffs have worked hours in excess of forty (40) hours per week and/or 8 hours a day.

9. During the time plaintiffs worked in excess of forty (40) hours per week and/or eight (8) hours a day, defendant United States has failed and refused to provide plaintiffs with the rights and protections provided under the FLSA, including overtime at a rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked in excess of the hourly standards set forth in 29 U.S.C. §207 and 5 CFR subpart 551.

10. By failing and refusing to pay the plaintiffs and other employees similarly

situated the overtime pay required under law, the defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

11. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

12. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

13. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

14. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of his rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation, plus interest;

(d) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Dated: November 9, 2005

Respectfully submitted,

Gregory K. McGillivary

WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

David Ricksecker

WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel

# Exhibit
# A

**REQUEST TO BECOME GRIEVANT/PARTY PLAINTIFF**

**Print clearly, or type the following information:**

NAME: NOLAN (Last) GARY (First) Gordon (Middle) SS# 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

HOME ADDRESS: 700 E. SAN ANTONIO, Rm E101 (Address)

EL PASO (City) TX (State) 79901 (Zip Code)

PHONE (home) (915) 591-9957 (work) (915) 534-6917

EMPLOYMENT HISTORY: *Use additional sheet(s) if necessary*

| | Employer | Series | Pay Grade-Step | Position |
|---|---|---|---|---|
| 2002 | Federal Protective | 080GS | 09/02 | Physical Security SPc. |
| 2003 | " | 080GS | 011/02 | " |
| 2004 | " | 080GS | 012/01 | " |
| 2005 | " | 080GS | 012/02 | " |

SIGNATURE [signature]

**Continue on Reverse**

**REQUEST TO BECOME GRIEVANT/PARTY PLAINTIFF**

**Print clearly, or type the following information:**

NAME SERRANO (Last) RICARDO (First) (Middle) SS# 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

HOME ADDRESS 8916 CROSSON (Address)

EL PASO (City) TX (State) 79904 (Zip Code)

PHONE (home) 915-751-5425 (work) 915-534-6858

EMPLOYMENT HISTORY: *Use additional sheet(s) if necessary*

| | Employer | Series | Pay Grade-Step | Position |
|---|---|---|---|---|
| 2002 | FPS | 0080 | 12/05 | PHYSICAL SECURITY SPEC. |
| 2003 | FPS | 0080 | 12/06 | PHYSICAL SECURITY SPEC. |
| 2004 | FPS | 0080 | 12/06 | PHYSICAL SECURITY SPEC. |
| 2005 | FPS | 0080 | 12/07 | PHYSICAL SECURITY SPEC. |

SIGNATURE ______________________

**Continue on Reverse**